IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **VISHAY DALE ELECTRONICS, INC.,** )<br>)<br>Plaintiff,            )<br>)<br>v.                              )<br>)<br>**ROHM CO., LTD**                )<br>)<br>Defendant.            ) | 8:13-CV-03201 |

## STIPULATED PROTECTIVE ORDER

Upon motion of the parties (filing 26), the Court enters the following stipulated protective order pursuant to Federal Rule of Civil Procedure 26(c)(1):

1. Findings: The Court finds that the parties to this case may request or produce information involving trade secrets or confidential research and development or commercial information, the disclosure of which is likely to cause harm to the party producing such information.

2. Definitions:

   a. "Party" means a named party in this case.

   b. "Person" means an individual or an entity.

   c. "Producer" means a person who produces information via the discovery process in this case.

   d. "Recipient" means a person who receives information via the discovery process in this case.

e. "Confidential" information is information concerning a person's business operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

f. "Highly Confidential" information is information within the scope of Rule 26(c)(1)(G) that is current or future business or technical trade secrets and plans more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court. Highly Confidential information, includes, but is not limited to:

(i) non-public product designs, trade secret information, and new or ongoing confidential research or development information, all of which have not yet been released to the public or trade;

(ii) non-public pending or future patent applications and information relating to non-public pending or future patent applications;

(iii) proprietary financial information;

(iv) marketing or business plans, strategic business information or plans, competitive information or plans; and

(v) third party manufacturer or supplier agreements.

3. Information is not Confidential or Highly Confidential if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Order. Information is likewise not Confidential or Highly Confidential if a person lawfully obtained it independently of this litigation, and without any obligation of confidentiality.

4. Designation of information as Confidential or Highly Confidential:

a. A person's designation of information as Confidential or Highly Confidential means that the person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

b. A person designates information in a document or thing as Confidential or Highly Confidential by clearly and prominently marking it on its face as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  A producer may make documents or things containing Confidential or Highly Confidential information available for inspection and copying without marking them as confidential without forfeiting a claim of confidentiality, so long as the producer causes copies of the documents or things to be marked as Confidential or Highly Confidential before providing them to the recipient.

c. A person designates information in deposition testimony as Confidential or Highly Confidential by stating on the record at the deposition that the information is Confidential or Highly Confidential or by advising the opposing party and the stenographer and videographer in writing, within fourteen days after

3

receipt of the deposition transcript, that the information is Confidential or Highly Confidential. Unless notified sooner by the deponent, the deposition transcript together with all information contained therein and exhibits thereto, shall be treated as "Highly Confidential" for the above-referenced fourteen-day period.

  d. A person's failure to designate a document, thing, or testimony as Confidential or Highly Confidential does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

  e. A person who has designated information as Confidential or Highly Confidential may withdraw the designation by written notification to all parties in the case.

  f. If a party disputes a producer's designation of information as Confidential or Highly Confidential, the disputing party shall notify the producer in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials. The disputing party and the producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court. If the parties cannot resolve the dispute, the disputing party may file a motion with the Court to challenge the producer's designation. The producer bears the burden of proving that the information is properly designated as Confidential or Highly Confidential. The information shall remain subject to the producer's Confidential or Highly Confidential designation until the Court rules on the dispute. A party's failure to

contest a designation of information as Confidential or Highly Confidential is not an admission that the information was properly designated as such.

    5.    Use and disclosure of Confidential or Highly Confidential information:

    a. Confidential and Highly Confidential information may be used exclusively for purposes of this litigation, subject to the restrictions of this order.

    b. Absent written permission from the producer or further order by the Court, the recipient may not disclose Confidential information to any person other than the following: (i) a party's outside counsel of record, including necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) a party's in-house counsel, identified below; (iii) a total of three party officers or employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case, identified below; (iv) a stenographer and videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 5(d) of this order, experts and consultants and their staff whom a party employs for purposes of this litigation only; and (vi) the Court and personnel assisting the Court.

| Plaintiff's In-House Counsel | Defendant's In-House Counsel |
|---|---|
| James Arnold, Esquire<br>Director of Intellectual Property<br>Vishay Intertechnology, Inc. | Yasuhiro Nagao<br>Assistant Manager/Patent Attorney<br>Intellectual Property Division<br>Rohm Co., Ltd. |

| Plaintiff's Business Representatives (Name and Title) | Defendant's Business Representatives (Name and Title) |
|---|---|
| 1) Joel J. Smejkal<br>   Sr. VP Global Distribution<br>   Vishay Intertechnology, Inc. | 1) Takaaki Nagura<br>   General Manager<br>   Intellectual Property Division<br>   Rohm Co., Ltd. |

| Plaintiff's Business Representatives (Name and Title) | Defendant's Business Representatives (Name and Title) |
|---|---|
| 2) Keith Raysby<br>   Sr. VP Dale Resistors<br>   Vishay Intertechnology, Inc. | 2) Masanori Tanimura<br>   Division Manager<br>   Resistor Division<br>   Rohm Co., Ltd. |
| 3) Clark Smith<br>   Sr. Director R&D<br>   Vishay Intertechnology, Inc. | 3) Takashi Nishio, Ph.D.<br>   Supervisor<br>   Intellectual Property Division<br>   Rohm Co., Ltd. |

c. Absent written permission from the producer or further order by the Court, the recipient may not disclose Highly Confidential information to any person other than those identified in paragraph 5(b)(i),(iv),(v), and (vi).

d. A party may not disclose Confidential or, to the extent applicable, Highly Confidential information to in-house counsel pursuant to paragraph 5(b)(ii), a party officer or employee pursuant to 5(b)(iii), or an expert or consultant pursuant to paragraphs 5(b)(v) or 5(c) of this order until after such person(s) sign an undertaking in the form of Appendix A to this Order. The party obtaining the undertaking must serve it on all other parties within ten days after its execution.

e. At least ten days before the first disclosure of Confidential or Highly Confidential information to an expert or consultant (or member of their staff) pursuant to paragraphs 5(b)(v) or 5(c) of this order, the party proposing to make the disclosure must serve the producer with a written identification of the expert or consultant and a copy of his or her curriculum vitae. If the producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the party proposing to make the disclosure

with a written objection identifying the basis for such objection within ten days after service of the identification. Unless the parties resolve the dispute within ten days after service of the objection, the producer must move the Court promptly for a ruling, and the Confidential or Highly Confidential information may not be disclosed to the expert or consultant without the Court's approval.

  f. Notwithstanding paragraph 5(a) and (b), a party may disclose Confidential or Highly Confidential information to: (i) any employee or author of the producer; (ii) any person, no longer affiliated with the producer, who authored the information in whole or in part; and (iii) any person who received the information before this case was filed.

  g. A party who wishes to disclose Confidential or Highly Confidential information to a person not authorized under paragraphs 5(b) or 5(c) must first make a reasonable attempt to obtain the producer's permission. If the party is unable to obtain permission, it may move the Court to obtain permission.

  6. Costs: If a producing party finds that a requesting party's discovery requests are overly broad or too voluminous, the producing party may request that the requesting party pay for the reasonable costs associated with copying such documents or searching for electronically stored information.  The parties agree to meet and confer on the issue of costs prior to moving for any relief from the Court.

  7. Inadvertent Disclosure:

  a. If a producing party inadvertently discloses to a receiving party any document, thing, or information containing information that the producing

party deems confidential without designating it as CONFIDENTIAL or HIGHLY CONFIDENTIAL, the producing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing of the appropriate designation and the receiving party shall thereafter treat the document, thing, or information as provided by the producing party under this Stipulated Protective Order.  To the extent such document, thing, or information may have been disclosed to persons other than authorized persons described in this Stipulated Protective Order, the receiving party shall make every reasonable effort to retrieve the document, thing, or information promptly from such persons and to prevent any further disclosure to unauthorized persons.

     b. If the producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall hereafter assert that such disclosure waived any privilege or immunity.  It is further agreed that the receiving party will make every reasonable effort to return such inadvertently produced item or items of information, and all copies thereof, within ten (10) days of receiving a written request for the return of such item or items of information.  The party having returned such inadvertently produced item or items of information may thereafter seek production of any such documents, things, or information in accordance with the Federal Rules of Civil Procedure.

8.     Filing with the Court:  In the event that any documents, things, or information that have been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL are included with or the contents thereof are in any paper filed with the court, such documents, things, or information and related materials shall be filed with the court in sealed envelopes.  The sealed envelope shall be prominently marked with the caption of this case, the title of the paper or document, the name, address, and telephone number of the attorney filing the paper or document, and the following (or similar) notation:

**CONFIDENTIAL**
**FILED UNDER SEAL PURSUANT TO STIPULATED**
**PROTECTIVE ORDER DATED _____**
**Case No.: 8:13-CV-03201**

9.     Document Disposal: Upon the conclusion of this case, each party must return to the producer all documents and copies of documents containing the producer's Confidential or Highly Confidential information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing confidential or highly confidential information.  Alternatively, if the producer agrees, the party may destroy all documents and copies of documents containing the producer's Confidential or Highly Confidential information. The party returning and/or destroying the producer's Confidential and Highly Confidential information must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, a party and its counsel may retain one complete set of all documents filed with the Court, remaining subject to all requirements of this order.

10. Originals: A legible photocopy of a document may be used as the "original" for all purposes in this action. To the extent that either party challenges the accuracy or authenticity of the photocopy, the actual "original," in whatever form the producing party has it, must be made available for inspection by any other party within a reasonable period of time after a written request.

11. The parties agree that privileged communications created after December 4, 2013 that relate solely to this litigation are not required to be identified in the parties' privilege logs.

12. Survival of obligations: This order's obligations regarding Confidential and Highly Confidential information survive the conclusion of this case.

**IT IS SO ORDERED.**

**DATED November 26, 2014.**

                                             **BY THE COURT:**

                                             **S/ F.A. Gossett**
                                             **United States Magistrate Judge**

## APPENDIX A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VISHAY DALE ELECTRONICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 8:13-CV-03201 |
| | ) | |
| v. | ) | |
| | ) | |
| ROHM CO., LTD | ) | |
| | ) | |
| Defendant(s). | ) | |

### UNDERTAKING TO STIPULATED PROTECTIVE ORDER

I, _____, certify that:

1. I reside at _____ in the city/state of _____, country of _____.

2. I am currently employed by _____ located at _____, and my current job title is _____.

3. I have read and understand the terms of the Stipulated Protective Order filed in Civil Action No. 2:13-cv-06383-JD. I understand that CONFIDENTIAL or HIGHLY CONFIDENTIAL information may be provided to me pursuant to the terms and restrictions of the aforesaid Stipulated Protective Order. I hereby agree to be bound by the terms of the Protective Order and understand that information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL and my copies or notes relating thereto shall only be disclosed to or discussed with those persons permitted by the Stipulated Protective Order to receive information subject

2

to such designated category.  I understand that any violation of this Stipulated Protective Order may subject me to sanctions by the Court.

   4. Upon request, I will return all information provided to me in this matter, together with all copies thereof and notes that I have prepared relating thereto, to outside counsel for the party with whom I am associated.  As soon as practical, but not later than 60 days after final termination of this action, I shall either provide a written certification of destruction of all CONFIDENTIAL or HIGHLY CONFIDENTIAL information that I received, or I shall return all CONFIDENTIAL or HIGHLY CONFIDENTIAL  to the outside counsel from whom I received the information.

   5. I hereby submit to the jurisdiction of this United States District Court for the District of Nebraska for the purpose of enforcement of the Protective Order.

  SIGNED this _____ day of _____ 20____ at _____.

                _____
                (signature)

                _____
                (print name)